IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE G. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-381-M |
| | § | |
| IDEXX LABORATORIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment. The Motion is **GRANTED** for the reasons set forth below.

### BACKGROUND

Plaintiff Terrance G. Johnson was an employee of Defendant in its laboratory from April 2005 until September 2005. In late August 2005, he discovered that a fume hood in the laboratory was not functioning properly. He complained of the malfunction to his superiors and to the Occupational Safety and Health Administration ("OSHA"). Johnson was terminated shortly thereafter. On March 1, 2006, he brought suit against Defendant, and the live complaint alleges discrimination on the basis of race, national origin, and religion, in violation of Title VII of the Civil Rights Act of 1964; retaliation in violation of Title VII; and discrimination on the basis of race in violation of 42 U.S.C. § 1981.

### STANDARD OF REVIEW

Summary judgment is warranted when the facts as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the

nonmoving party as to any material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

## ANALYSIS

Defendant's Motion for Summary Judgment argues, among other things, that Johnson's deposition testimony regarding the reasons for his termination by Defendant constitutes a judicial admission that bars him from pursuing the claims asserted in the live complaint. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. . . . [I]t has the effect of withdrawing a fact from contention." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). A judicial admission is an intentional waiver, "releasing the opponent from proof of fact." *Id.* In contrast, an evidentiary admission is "merely a statement of assertion or concession made for some independent purpose." *Id.* at 476–77 (quoting *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959)). A party may attempt to contradict and explain an evidentiary admission, but a judicial admission is binding absent leave to withdraw it. *Id.* at 477.

Johnson's complaint states claims for discrimination and retaliation in violation of Title

VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  However, when asked at his deposition, "Are there any other reasons you believe you were terminated, other than the fact that you made this complaint to OSHA," he responded: "No.  I—I know that that—it was all about the hood and safety issue and letting OSHA know about it and standing up against it for being unsafe.  That's why I got fired.  I have no doubt, 100 percent, that's it."  Defendant argues that this testimony is a judicial admission.  The Court agrees.  Asked whether his termination was on account of anything other than his OSHA complaint about hood safety, Johnson replied that it was not.  This admission is clear, unambiguous, and intentional, and Johnson has made no attempt to seek leave of Court to withdraw it.

     Johnson contests this conclusion.  First, he argues that the statement is at most an evidentiary admission.  The Court disagrees.  The statement was not made for a purpose independent of conclusively admitting that the only reason for his termination was his complaint to OSHA.  Even were the Court to conclude otherwise, a party cannot create an issue of fact in the face of an evidentiary admission unless the party contradicts and explains the disavowed statement.  *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984).  Johnson has made no attempt to contradict and explain his testimony.  Although he states in his briefing that his previous testimony concerned the discrimination claims, Johnson does not direct the Court to any portion of his deposition for support, and the Court is not aware of any portion of Johnson's deposition that does implicitly contradict his admission by discussing the discrimination claims.[1]

     Johnson next argues that his statement was an opinion of law, and thus that it cannot

---

[1] Johnson mentions the fact, without explaining its legal import, that Plaintiff's deposition was "never concluded."  Whatever significance this fact may have is belied by Johnson's choice not to request a continuance of Defendant's Motion for Summary Judgment to allow completion of discovery.  *See* FED. R. CIV. P. 56(f).

constitute a judicial admission. *See Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 265 n.2 (4th Cir. 2004). The Court disagrees. Johnson was asked a question of fact, and he responded by confirming that he did not claim that he was terminated for any other reason than that he filed a complaint with OSHA.

Johnson finally contends that his admission amounts to nothing more than an alternative theory of liability, specifically allowed by Federal Rule of Civil Procedure 8(e)(2). In support, Johnson contends that 29 U.S.C. § 660(c), which requires that Plaintiff seek redress for violations of the Occupational Safety and Health Act of 1970 through the United States Department of Labor, forces him to plead alternative theories. Here, Johnson testified under oath regarding the reason for his termination. As the Court determined above, this amounts to an admission, not just an alternative theory of liability.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment, finding that Johnson waived his discrimination and retaliation claims based upon Title VII and 42. U.S.C. § 1981.

**SO ORDERED**.

June 4, 2007.

---

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**